# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

GINA JONES,

    Plaintiff,

v.                                            Case No. 2:15-cv-02148-JPM-cgc

UNIVERSITY OF MEMPHIS
TENNESSEE BOARD OF REGENTS

    Defendants.

## REPORT AND RECOMMENDATION

Before the Court, by way of Order of Reference (D.E. # 127) for hearing and report and recommendation, is Defendants' July 28, 2016 Motion for Sanctions. (D.E. # 124) On August 5, 2016, Plaintiff filed her Response in opposition. (D.E. # 145). On August 8, 2016, a hearing was held on the motion with Daniel Lofton appearing on behalf of Plaintiff and Ashley Carter appearing on behalf of Defendants. Having considered the motion, response, respective memoranda, arguments of counsel and the record in the case, it is recommended that the motion be GRANTED IN PART AND DENIED IN PART.

Defendants filed a motion on June 27, 2016 to compel responses to discovery which were propounded to Plaintiff on April 26, 2016. (D.E. # 101) Plaintiff did not file a response to the motion and on July 13, 2016, after the motion went unanswered for fourteen days, the motion was granted consistent with Local Rule 7.2(a)(2). (D.E. # 108) The Order granting the motion to compel ordered Plaintiff to "**fully respond <u>without objection</u>** to Defendant's (sic) First Set of

1

Interrogatories and Request for Production of Documents within fourteen (14) days from entry of the Court's Order." (emphasis added)  On July 11, 2016, prior to the entry of the Order compelling production, Plaintiff served responses to discovery.  Defendants contend that the responses contained eight general objections and responses to each of the seven interrogatories and fifteen requests for production of documents contained objections.  Defendants further contend that Plaintiff did not provide many of the documents requested and that no certification was provided with the interrogatories.  On July 27, 2016, Plaintiff served the same discovery responses as were served on July 11, 2016 except that all of the objections were removed as required by the July 13, 2016 Order.

In the instant motion, Defendants argue that Plaintiff should be sanctioned for failure to provide complete discovery responses and for failure to abide by the orders of the court. Specifically, Defendants request dismissal of the action with prejudice or, alternatively, default judgment against Plaintiff as well as any other sanctions deemed appropriate.  Dismissal is available as a sanction pursuant to either Fed. R. Civ. P. 37(b)(2) or under the Court's inherent powers.  In determining whether to dismiss a complaint as a sanction under Rule 37 or Rule 41, the Court generally looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir.1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id*.

It is recommended that in this case, dismissal is not warranted at this time. There is no question that Plaintiff has not fully complied with the July 13th order. The deficiencies were discussed with Plaintiff during the August 8th hearing. It is recommended that Plaintiff be ordered to more fully respond to interrogatory 3 and requests for production of documents 1, 2, 3, 4, 6, 10 and 14, to resubmit Plaintiff Bates number documents 35 through 63 (documents that were stated to be responsive to requests 12 and 13) and provide a sworn certification. The instant motion for sanctions could have been prevented if Plaintiff's counsel had responded to the Motion to Compel (D.E. # 101). Any discussion regarding the propriety of the interrogatories and requests for production of documents could have been had in the context of that motion. For this, it is recommended that Plaintiff's counsel be taxed with the Defendants' attorneys fees and costs (including the cost to travel to and from Nashville for the August 8, 2016 hearing) associated with the Motion for Sanctions.

Therefore, the undersigned recommends the following:

- That Defendants' motion to dismiss be DENIED;
- That Plaintiff be ordered in the alternative to
    1. more fully respond to interrogatory 3 and requests for production of documents 1, 2, 3, 4, 6, 10 and 14,
    2. to resubmit Plaintiff Bates number documents 35 through 63 (documents that were stated to be responsive to requests 12 and 13) and
    3. provide a sworn certification
- That Plaintiff's counsel be taxed with the Defendants' attorneys fees and costs (including the cost to travel to and from Nashville for the August 8, 2016 hearing)

associated with the Motion for Sanctions.

- That Plaintiff be admonished that any further failures to comply with the orders of the Court may result in the imposition of additional sanctions under Fed. R. Civ. P. 37 or the inherent powers of the Court including dismissal of this action without further notice.

Signed this 9th day of August, 2016.

                                          s/ Charmiane G. Claxton
                                          CHARMIANE G. CLAXTON
                                          UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**