# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| GINA JONES, | ) |
| Plaintiff, | ) |
| v. | ) |
| UNIVERSITY OF MEMPHIS, and TENNESSEE BOARD OF REGENTS, | ) No. 15-cv-02148-JPM-cgc ) |
| Defendants. | ) |

**ORDER AFFIRMING ORDER GRANTING MOTION FOR SANCTIONS AND ADOPTING THE REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's Order Denying Plaintiff's Motion to Set Aside Order Granting Motion to Compel, filed August 9, 2016. (ECF No. 148.) In the Order, the Magistrate Judge denied Plaintiff's Motion (ECF No. 134) to set aside the Magistrate Judge's Order Granting Defendants' Motion to Compel (ECF No. 108). Also before the Court is the Report and Recommendation filed by Magistrate Judge Claxton on August 9, 2016. (ECF No. 149.) In the Report and Recommendation, the Magistrate Judge recommends that Defendants' July 28, 2016 Motion for Sanctions (ECF No. 124) be "granted in part and denied in part." (Id. at 1.)

On August 23, 2016, Plaintiff timely filed the "Plaintiff's Appeal and Objections to the Magistrate Judge's Order Denying

Plaintiff's Motion to Set Aside (Doc. No. 148) and Order Granting Motion for Sanctions (Doc No. 149)."[1] (ECF No. 175.) On September 6, 2016, Defendants filed "Defendants' Reply in Response and Opposition to Plaintiff's Appeal and Objections to Magistrate Judge's Order Denying Plaintiff's Motion to Set Aside (ECF # 148) and Order (sic) Granting Motion for Sanctions (ECF # 149)."[2] (ECF No. 189.)

I. **BACKGROUND**

On March 2, 2015, Plaintiff filed a Complaint against Defendants Tennessee Board of Regents and University of Memphis. (ECF No. 1.) On July 6, 2015, Plaintiff filed a Motion to Amend/Correct Complaint. (ECF No. 22.) Plaintiff filed a revised proposed Amended Complaint on August 25, 2015, seeking to add Mary Tucker as a Defendant; add claims under 42 U.S.C. §§ 1981, 1983, and 1985; and to revise her existing ADA and Rehabilitation Act claims. (ECF No. 36.) On September 8, 2015, the Court entered an Order granting Plaintiff's Motion to Amend as to the revision of her ADA and Rehabilitation Act claims and

---

[1] Document Number 149 in the Electronic Filing Docket is not an Order Granting Motion for Sanctions but rather the Magistrate Judge's Report and Recommendation; therefore, the Court construes Plaintiff's filing as both an Appeal of the Magistrate Judge's Order (ECF No. 148) and Objections to the Report and Recommendation (ECF No. 149).

[2] Defendants filed a timely response to Plaintiff's objections to the Magistrate Judge's Report and Recommendation. See Fed. R. Civ. P. 72(b)(2). Federal Rule of Civil Procedure 72(a), however, does not provide for a reply to an appeal of a magistrate judge's non-dispositive order. See Fed. R. Civ. P. 72(a). Defendants' Reply cannot be alternatively construed as objections to the Magistrate Judge's Order as the Reply was filed more than 14 days after the Order was entered. See id. As a result, the Court is not required to consider the portion of Defendants' Reply that responds to Plaintiff's objections to the Magistrate Judge's Order (ECF No. 148).

2

the removal of her negligence claim, and denying Plaintiff's Motion to Amend as to all other amendments. (ECF No. 39.)[3] Plaintiff filed an Amended Complaint on October 7, 2015 (ECF No. 47), a second revised Amended Complaint on November 5, 2015 (ECF No. 54), a third Amended Complaint on November 20, 2015 (ECF No. 59), and a fourth Amended Complaint on December 1, 2015 (ECF No. 62). On December 7, 2015, the Court entered an Order Granting Leave to Amend and Denying as Moot Motion to Strike and Dismiss, stating that the Plaintiff's Fourth Amended Complaint appears to comply with the Court's September 30, 2015 Order, granting Plaintiff's request for leave to amend, and holding that the Fourth Amended Complaint supersedes Plaintiff's previous complaints. (ECF No. 65.)

A. Magistrate Judge Claxton's Order Denying Plaintiff's Motion to Set Aside

On June 27, 2016, Defendants filed a Motion to Compel Overdue Discovery from Plaintiff (ECF No. 101), which the Court referred to the Magistrate Judge for Determination (ECF No. 103). Plaintiff did not file a response to the motion and the Magistrate Judge entered an Order Granting Defendants' Motion to Compel on July 13, 2016 (ECF No. 108). On August 2, 2016, Plaintiff filed a Motion to Set Aside Order Granting Motion to

---

[3] On September 30, 2015, the Court filed an Amended Order, in which the Court ordered Plaintiff to file an Amended Complaint in accordance with the Order. (ECF No. 44.)

Compel. (ECF No. 134.) On August 3, 2016, Defendants filed a Response in opposition. (ECF No. 139.) On August 8, 2016, Magistrate Judge Claxton held a hearing on the Motion to Set Aside. (Min. Entry, ECF No. 147.) An Order Denying Plaintiff's Motion to Set Aside Order Granting Motion to Compel was entered on August 9, 2016. (ECF No. 148.) On August 23, 2016, Plaintiff timely appealed the Magistrate Judge's Order to this Court. (ECF No. 175.) On September 6, 2016, Defendants filed a Reply in opposition to Plaintiff's appeal.[4] (ECF No. 189.)

B.  Magistrate Judge Claxton's Report and Recommendation

On July 28, 2016, Defendants filed a Motion for Sanctions against Plaintiff. (ECF No. 124.) Plaintiff filed a Response in Opposition to Defendants' Motion for Sanctions on August 5, 2016. (ECF No. 145.) On August 8, 2016, Magistrate Judge Claxton held a hearing on the Motion for Sanctions. (Min. Entry, ECF No. 147.) A Report and Recommendation on the Motion for Sanctions was entered on August 9, 2016. (ECF No. 149.) On August 23, 2016, Plaintiff timely filed objections to the Report and Recommendation. (ECF No. 175.) On September 6, 2016, Defendants timely filed a Reply to Plaintiff's objections. (ECF No. 189.)

---

[4] See supra note 2.

## II.  **ANALYSIS**

A. The Court Affirms Magistrate Judge Claxton's Order Denying Plaintiff's Motion to Set Aside

Pursuant to Federal Rule of Civil Procedure 72(a), when a magistrate judge issues a non-dispositive order, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.; see also 28 U.S.C. § 636(b)(1)(A) (stating that a district judge may reconsider the matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); Local Rule 72.1(g) ("The presiding district judge may reconsider any order determining a pretrial matter where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). A finding is clearly erroneous when "the reviewing court, upon review of the entire record, is left with a definite and firm conviction that a mistake has been committed." United States v. Hurst, 228 F.3d 751, 756 (6th Cir. 2000).

In the Order Denying Plaintiff's Motion to Set Aside, Magistrate Judge Claxton denied Plaintiff's Motion to Set Aside Order Granting Motion to Compel, finding that Plaintiff failed to establish any of the grounds for relief under Federal Rule of

5

Civil Procedure 60. (Order Denying Mot. to Set Aside at 3, ECF No. 148.) Plaintiff asserts in her appeal that the Magistrate Judge erred in finding that Plaintiff's counsel "deliberately failed"[5] to respond to the Motion to Compel, stating that Plaintiff's counsel instead failed to respond to the Motion to Compel out of neglect. (Pl.'s Appeal at 4, ECF No. 175.) Plaintiff also argues that she should have been granted relief under Rule 60(b) due to Defendants' failure to consult in accordance with Local Rule 7.2 prior to filing their Motion to Compel. (Id. at 5-8.)

The Court does not find Magistrate Judge Claxton's Order Denying Plaintiff's Motion to Set Aside to be clearly erroneous or contrary to law. Defendants filed the Motion to Compel on June 27, 2016. Fourteen days later, on July 11, 2016, Plaintiff responded to Defendants' discovery requests but failed to file a response to the Motion to Compel with the Court. On July 13, 2016, the Magistrate Court had not received notice that the Plaintiff had served responses to Defendants' discovery

---

[5] In her Appeal, Plaintiff states, "[t]he Court's fundamental premise stated in its Order . . . was that Plaintiff's counsel had 'deliberately failed' to respond to the original Motion to Compel. This assertion is patently and demonstrably false." (Pl's. Appeal at 4, ECF No. 175.) Plaintiff misquotes the Magistrate Judge's Order. The Order does not contain an assertion that Plaintiff's counsel "deliberately failed" to respond to the Motion to Compel. (See ECF No. 148.) Additionally, the Order appears to have been granted due to Plaintiff's failure to respond to the Motion, regardless of the intentional or unintentional nature of Plaintiff's failure.

6

requests.[6]  As a result, the Magistrate Court granted Defendants' Motion to Compel due to Plaintiffs' lack of response, consistent with Local Rule 7.2(a)(2).  (Order Granting Mot. to Compel at 1, ECF No. 108.)  It was not clearly erroneous for Magistrate Judge Claxton to find that "Plaintiff's counsel made a conscious decision not to respond to the motion to compel" due to the fact that over fourteen days had passed without a response.  (Order Denying Mot. to Set Aside at 1, 3, ECF No. 148.)  Even if Plaintiff's counsel had unintentionally neglected to file a response to the motion, unintentional neglect still would not entitle Plaintiff to relief.  "The failure to respond to a motion . . . or to request an extension of time to file a response thereto is inexcusable neglect." B & D Partners v. Pastis, No. 05-5954, 2006 WL 1307480, at *2 (6th Cir. May 9, 2006).

Plaintiff asserts that she is entitled to relief under Federal Rule of Civil Procedure 60(b) due to Defendants' failure to consult prior to filing their Motion to Compel.  Federal Rule of Civil Procedure 60(b) provides that a party may receive relief from a final judgment, order, or proceeding on grounds of "(1) mistake, inadvertence, surprise, or excusable neglect; . . .

---

[6] Plaintiff did not file a Notice of Service of the responses to the discovery requests with the Court until July 19, 2016.  (ECF No. 113.)  As discussed below, even if the Court had been informed of the Plaintiff's responses, Plaintiffs' responses were incomplete and contained objections and would not, even retroactively, have complied with the Order that was issued.

7

. or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The Magistrate Judge's Order discussed the presence of electronic mail messages and correspondence between the Plaintiff and Defendants regarding the outstanding discovery in the weeks leading up to the day the Defendants filed the Motion to Compel. (Order Denying Mot. to Set Aside at 2, ECF No. 148.) The Court does not find any clear error in Magistrate Judge Claxton's finding that "there is no indication that this motion came upon Plaintiff as a surprise or without an opportunity to rectify the situation."[7] (Id.)

The Court therefore finds that Magistrate Judge Claxton did not clearly err or act contrary to law in issuing the Order Denying Plaintiff's Motion to Set Aside Order Granting Motion to Compel, and AFFIRMS the Order in its entirety.

B. The Court Adopts Magistrate Judge Claxton's Report and Recommendation

Pursuant to Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and

---

[7] Though email messages may have complied with the spirit of Local Rule 7.2(a)(1)(B) in this situation, all parties are reminded that Local Rule 7.2(a)(1)(B) requires that "[a]ll motions, including discovery motions but not including motions pursuant to Federal Rules of Civil Procedure 12, 56, 59, and 60", be accompanied by a certificate of consultation. L.R. 7.2(a)(1)(B). "Failure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion." Id.

8

recommendations." Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

In the Report and Recommendation, Magistrate Judge Claxton recommends that Defendants' Motion for Sanctions (ECF No. 124) be "granted in part and denied in part." (R. & R. at 1, ECF No. 149.) Defendants' Motion requested that Plaintiff be sanctioned for failure to provide complete discovery responses and for failure to abide by the orders of the court. (ECF No. 124.) Defendants requested dismissal of the action with prejudice, default judgment against Plaintiff, as well as any other sanctions deemed appropriate. (ECF No. 124.) Magistrate Judge Claxton found that Plaintiff did not fully comply with the Order Granting Defendants' Motion to Compel (ECF No. 108). (R. & R. at 3, ECF No. 149.) In the Report and Recommendation, Magistrate Judge Claxton recommends:

- That Defendants' motion to dismiss be DENIED;
- That Plaintiff be ordered in the alternative to
    1. more fully respond to interrogatory 3 and requests for production of documents 1, 2, 3, 4, 6, 10 and 14,

9

2. to resubmit Plaintiff Bates number documents 35 through 63 (documents that were stated to be responsive to requests 12 and 13) and
3. provide a sworn certification

- That Plaintiff's counsel be taxed with the Defendants' attorney fees and costs (including the cost to travel to and from Nashville for the August 8, 2016 hearing) associated with the Motion for Sanctions.
- That Plaintiff be admonished that any further failures to comply with the orders of the Court may result in the imposition of additional sanctions under Fed. R. Civ. P. 37 or the inherent powers of the Court including dismissal of this action without further notice.

(Id. at 3-4.)

Plaintiff argues that she was not in violation of the Court's Order (ECF No. 108), that she is allowed to supplement her discovery responses, and that Plaintiff has given Defendants a health care release with the authority to obtain some of the documents they are seeking on their own.[8] (Pl.'s Appeal at 8, ECF No. 175.) Defendants reply that Plaintiff's discovery

---

[8] Plaintiff also alleges that Defendants misled the Court by writing the incorrect date for Plaintiff's response to the discovery requests in their Motion for Sanctions; however, this was not a proposed finding or recommendation in the Report and Recommendation and thus is not a proper objection to the report. Even so, Defendants do not dispute that the date is incorrect and that the mistake was a clerical error that has since been clarified to Magistrate Judge Claxton; therefore, the issue is moot. (See Defs.' Reply at 10, ECF No. 189.)

responses filed on July 27, 2016 were deficient and failed to comply with the Magistrate Judge's Order Granting Defendants' Motion to Compel (ECF No. 108). (Defs.' Reply at 10-12, ECF No. 189.)

The Order Granting Defendants' Motion to Compel that was issued on July 13, 2016 ordered Plaintiff to "fully respond <u>without objection</u> to Defendant's First Set of Interrogatories and Request for Production of Documents within fourteen (14) days from entry of the Court's Order." (Order Granting Mot. to Compel at 1, ECF No. 108.) Upon de novo review, the Court finds that Plaintiff did not fully comply with the Magistrate Judge's Order. On July 27, 2016, Plaintiff timely served discovery responses upon Defendants. (ECF No. 124-7.) Upon review of the discovery responses provided, however, it is apparent that the responses were incomplete. (<u>See</u> <u>id.</u>) In a number of the requests for production of documents, Plaintiff responds, "The Plaintiff is in the process of compiling these documents and will supplement her response once they are compiled." (<u>See, e.g.</u>, Pl.'s Second Resp. at 9-13, ECF No. 124-7.) Only a few of the deficiencies identified appear to pertain to medical records; therefore, even if Defendants had been able to obtain the records on their own, Plaintiff's responses would still be incomplete. (<u>See</u> <u>id.</u> at 12-13.) Additionally, Plaintiff failed to provide a sworn certification. (<u>See</u> ECF No. 124-7.)

11

Incomplete responses did not comply with the Magistrate Judge's Order to "fully respond." (Order Granting Mot. to Compel at 1, ECF No. 108.)

Plaintiff argues that she is entitled to supplement her responses, stating that the Scheduling Order allows for supplementation of discovery.[9] (Pl.'s Appeal at 8, ECF No. 175.) Federal Rule 26(e)(1) states the rule for supplementation of general disclosures and responses, stating that a party "must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . or (B) as ordered by the court." Fed. R. Civ. P. 26(e)(1). Plaintiff's arguments regarding her failure to supplement are void when assessed in light of the requirements under Rule 26(e)(1). Plaintiff was ordered by the Magistrate Judge to supplement her discovery responses, and did not do so. The discovery responses served on July 27, 2016, were the same as those that Plaintiff had served prior to the entry of the Court's Order, except that all of the objections were removed. (See ECF No. 124-4 and ECF No. 124-7.) Additionally, Plaintiff learned that her responses were incomplete as early as July 20,

---

[9] The Scheduling Order sets the deadline for "Supplementation Under Rule 26(e)(2)" as September 2, 2016. (Scheduling Order at 2, ECF No. 57.) The text contains a typo. The Scheduling Order should in fact read "Supplementation Under Rule 26(e)(1)," thus setting the deadline for supplementation of general discovery.

2016 (See ECF No. 124-5) and thus was required to supplement her responses in a timely manner following this knowledge. As previously discussed, however, when Plaintiff provided her second set of responses on July 27, 2016, no supplementation was included. Upon de novo review, the Court finds that Plaintiff failed to fully comply with the Magistrate Judge's Order Granting Defendants' Motion to Compel.

The Court hereby ADOPTS the Report and Recommendation (ECF No. 149) in its entirety. Accordingly, Defendants' Motion for Sanctions (ECF No. 124) is hereby GRANTED IN PART AND DENIED IN PART in accordance with the terms in the Report and Recommendation.

**IT IS SO ORDERED**, this 12th day of September, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE