IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE,
WESTERN DIVISION

| | |
|---|---|
| GINA JONES | ) |
| | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) No.   2:15-cv-02148-JPM-cgc |
| | ) |
| UNIVERSITY OF MEMPHIS, and | ) |
| TENNESSEE BOARD OF REGENTS, | ) |
| | ) |
|     Defendants. | ) |

**REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION TO DEEM PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS ADMITTED**

Before the Court is Plaintiff Gina Jones's ("Plaintiff") Motion to Deem Plaintiff's First Set of Requests for Admissions Admitted Pursuant to Rule 36 of the Federal Rules of Civil Procedure. (Docket Entry "D.E." #152). The instant motion was referred to United States Magistrate Judge Charmiane G. Claxton for report and recommendation. (D.E. # 156). For the reasons set forth herein, it is recommended that Plaintiff's Motion to Deem Plaintiff's First Set of Requests for Admissions Admitted be DENIED.

**I.    Introduction**

On April 25, 2016, Plaintiff served her First Set of Requests for Admissions on Defendant University of Memphis ("Defendant"). On May 24, 2016, Defendant answered Plaintiff's Request for Admissions. Several of the Requests referred to a settlement agreement document, notably Requests Nos. 3, 7, 8, 9, 10, 11, 13, 14, and 16. The Defendant explicitly denied Request No. 16, neither admitted nor denied Request No. 7 past Defendant's objections, and responded to Request Nos. 3, 8, 9, 10, 11, 13, and 14 by claiming that the document "speaks

1

for itself." Thereafter, Plaintiff filed this Motion to Deem Plaintiff's Request for Admissions Admitted regarding the aforementioned Requests. Defendant then filed a response asserting that Plaintiff's motion was not timely filed as the motion was filed twelve days after the deadline for written discovery and eighty-two days after the deadline for a motion to compel discovery, pursuant to the Scheduling Order.

**II.     Proposed Analysis**

First, the Court must consider whether Defendant's answers to Request Nos. 3, 7, 8, 9, 10, 11, 13, 14, and 16 complied with the requirements of Rule 36(a)(4) of the Federal Rules of Civil Procedure which speaks to "Answers" regarding Request for Admissions. Fed. R. Civ. P. 36(a)(4). Rule 36(a)(4) states in relevant part that, "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter . . . ." The response to Request No. 16 clearly meets this requirement as it states that "Defendant denies the allegations as stated in Request No. 16." As such, the response to Request No. 16 constitutes a specific denial. Further, the Court must consider whether the answer that a document "speaks for itself" is sufficient to constitute an admission or denial as required by Rule 36(a)(4). If the Court finds that an answer is not sufficient to meet the requirements of Rule 36, then "the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6).

Although the Sixth Circuit does not appear to have had occasion to address the issue of whether an answer merely stating that a document "speaks for itself" is sufficient, there are at least two District Courts within the Sixth Circuit that have opined on the question before the Court. *See Aprile Horse Transp., Inc. v. Prestige Delivery Sys.*, No. 5:13-CV-15-GNS-LLK, 2015 WL 4068457 (W.D. Ky. July 2, 2015); *Farinash v. Silvey*, No. 06-11860, 2007 Bankr.

LEXIS 3474, at *28 (Bankr. E.D. Tenn. 2007). In both cases the courts found that stating a document "speaks for itself" does not sufficiently meet the requirements of Rule 36.[1] Furthermore, both the *Aprile Horse* and *Farinash* courts determined that the responsive parties should amend their responses with regards to the Requests for Admissions to which they answered that the document "speaks for itself."[2]

In reaching their conclusions, both courts cited to *Miller v. Holzmann,* 240 F.R.D. 1 (D.D.C. 2006), which gives a more complete analysis regarding the sufficiency of the answer that a document "speaks for itself." The Court in *Miller* stated:

> The tautological "objection" that the finder of fact can read the document for itself . . . is not a legitimate objection but an evasion of the responsibility to either admit or deny a request for admission, unless a legitimate objection can be made or the responding party explains in detail why it can neither admit or deny the request. (citations omitted) It is also a waste of time, since the "objection" that the document speaks for itself does not move the ball an inch down the field and defeats the narrowing of issues in dispute that is the purpose of the rule permitting requests for admission.
>
> If, on the other hand, the request for admission paraphrases a document, the request should be admitted if the paraphrase is accurate and denied if it is not. Again, stating the obvious—one can read the document oneself to see if the paraphrase is accurate—is not a legitimate objection and an equally great waste of time.
>
> Thus, the defendant's objection to the requests on the grounds that the document speaks for itself is a meritless objection and will be overruled.

*Id.* at 4. Similar to the *Aprile Horse* and *Farinash* courts, the court in *Miller* found that stating a document "speaks for itself" is not a sufficient response to meet the requirements of Rule

---

1. *See Aprile Horse Transp., Inc.*, 2015 WL 4068457, at *5 ("Stating that a document speaks for itself avoids the purpose of requests for admission, i.e., narrowing the issues for trial."); *see also Farinash*, 2007 Bankr. LEXIS 3474, at *28 ("The 'speaks for itself' response is not acceptable.").

2. *See Aprile Horse Transp, Inc.* 2015 WL 4068457, at *6; *Farinash*, 2007 Bankr. LEXIS 3474, at *28.

36(a)(4) and ordered the responding party to amend its answers. This Court finds the reasoning in *Aprile Horse*, *Farinash*, and *Miller* to be highly persuasive. Further, this Court finds that the appropriate remedy is to have Defendant amend its answers with respect to Requests for Admissions Nos. 3, 7, 8, 9, 10, 11, 13, and 14. As the *Farinash* court stated, "The 'speaks for itself' response is not acceptable." 2007 Bankr. LEXIS 3474, at *28.

As for Defendant's assertion that Plaintiff's motion was not timely filed due to the language in the Scheduling Order regarding motions to compel discovery, it should be noted that the Sixth Circuit has stated that "[r]equests for admissions are not a general discovery device." *Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198 (6th Cir. 1986). Therefore, Plaintiff's motion did not have to comply with the Scheduling Order regarding motions to compel discovery because Request for Admissions are not properly recognized as discovery. Accordingly, Plaintiff's Motion to Deem Plaintiff's First Set of Requests for Admissions Admitted was not a motion to compel discovery which would be subject to the deadlines set forth in the Scheduling Order.

### III. Conclusion

For the reasons set forth herein, it is recommended that Plaintiff's Motion to Deem Plaintiff's First Set of Requests for Admissions Admitted Pursuant to F.R.C.P. 36 be DENIED. It is further recommended that Defendant amend its responses to meet the requirements of F.R.C.P. 36(a)(4) with respect to Requests for Admissions Nos. 3, 7, 8, 9, 10, 11, 13, and 14. Defendant shall not be required to amend its response to Request No. 16.

**IT IS SO RECOMMENDED** this <u>23rd</u> day of <u>September</u>, 2016.

s/ Charmiane G. Claxton  
CHARMIANE G. CLAXTON  
UNITED STATES MAGISTRATE JUDGE
