IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

GINA JONES,

    Plaintiff,

v.                                      Case No. 2:15-cv-02148-JPM-cgc

UNIVERSITY OF MEMPHIS
TENNESSEE BOARD OF REGENTS

    Defendants.

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL THE FILE OF PHILLIP MINYARD (D.E. # 182) AND
MOTION FOR SANCTIONS (D.E. # 184)
ORDER DENYING DEFENDANTS' SECOND MOTION FOR PROTECTIVE ORDER
(D.E. # 209)

Before the Court, by way of Orders of Reference (D.E. # 187 and 188), are Plaintiff's September 2, 2016 Motions to Compel the File of Phillip Minyard (D.E. # 182) and for Sanctions (D.E. # 184). On September 12, 2016, Defendants filed their Responses in opposition. (D.E. # 193 and 194). On September 23, 2016, Defendants filed their Motion for a Protective Order regarding the Second Deposition of Dr. M. David Rudd. (D.E. # 209) The Motion for a Protective Order was also referred for determination. (D.E. # 213) Having considered the motions, responses, respective memoranda and the record in the case, the motions are all **DENIED**.

### A. Motion to Compel the File of Phillip Minyard (D.E. # 182)

On August 5, 2016, Plaintiff issued a subpoena *duces tecum* for the deposition of Phillip

Minyard. The deposition was taken on August 17, 2016. Minyard retired from employment at the University of Memphis as a disability services coordinator. (Excerpt from Deposition of Phillip Minyard, D.E. # 193-1, p 4) Minyard was employed with the University for 11 years until January 2016. *Id* at p 5. Plaintiff's counsel asked Minyard if he brought his file on Plaintiff's case with him to the deposition. Minyard responded that he did not. Plaintiff's counsel asked counsel for the Defendants why Minyard did not bring the file and was informed that since Minyard was retired Minyard would not have a file to produce and that the file from the Disability Resources for Students office had been previously produced to Plaintiff. Plaintiff now argues that the University should be compelled to produce the file that Minyard maintained while he was employed with the University.

Defendants respond that the file at issue has already been produced to Plaintiff as a part of Defendants' responses to Plaintiff's First Set of Requests for Production of Documents and that Plaintiff has used documents from that file in a previous deposition with Susan TePaske, the current Director of the Disability Resources for Students office. Defendants attached as an exhibit to their response the December 29, 2015 responses to Plaintiff's First Set of Requests for Production of Documents. (D.E. # 193-4) Request number 5 asks Defendants to

> "Produce any written documentation (including reproductions of electronic files) created by any witnesses for the defense relevant to the factual allegations and legal concerns raised by the Plaintiff. **This should include all files on the Plaintiff,** the file in the civil rights office**, the file in the disability office,** the file in the legal affairs office and the file in the student affairs office." (emphasis added)

Defendants responded, "… Subject to and without waiving their objections, Defendants respond see bates numbered documents UM 000001 to UM 003293 attached. Defendants further respond and provide an index of said document production as Attachment "A". Item 1 on the index of documents produced is "DRS file for G. Jones" which encompasses bates numbers UM 000001 to

UM 002975. Plaintiff has not filed a Motion to Compel production indicating that the response to Request number 5 was insufficient. Mr. Minyard stated under oath that he did not have the file. Plaintiff has received the requested file from Defendants. There is nothing further to compel Defendants to do. The motion to compel is **DENIED**.

### B. Plaintiff's Motion for Sanctions (D.E. # 182) / Defendants' Motion for Protective Order (D.E. # 209)

Plaintiff noticed the deposition of Dr. David Rudd for August 29, 2016. After the resolution of a motion for protective order related to the deposition, the deposition went forward on September 1, 2016. Rudd testified that he was named president of the University of Memphis in 2014 and that he had no preparation, knowledge or awareness of the instant case. (Deposition of David Rudd, D.E. # 199, p 7, 9) Plaintiff contends that she is entitled to depose Rudd a second time because Rudd "does not have the discretion to be unaware of [Tennessee Board of Regents] policies as they are mandatory in nature and specifically assigned to him for enforcement" and because Rudd "stated on the record that he did nothing whatsoever to prepare for his deposition." In the alternative, Plaintiff "asked the Defendant to identify someone who could claim executive authority for the administration of the Board of Regent's (sic) Diversity policy beyond the authority of Mr. Rudd…" Plaintiff believes that this constitutes a failure to answer a question asked under Rule 30 or 31 or an evasive or incomplete answer.

Rudd was deposed pursuant to a notice of deposition to him personally, not pursuant to a Fed. R. Civ. P. 30(b)(6) notice. Therefore, Rudd was not appearing as "someone who could claim executive authority for the administration of the Board of Regent's (sic) Diversity policy." Plaintiff's fourth amended complaint alleges violations of the Americans with Disabilities Act and

Section 504 of the Rehabilitation Act of 1974. There is no claim for damages resulting from Rudd's failure to know or be aware of policies of the Tennessee Board of Regents. The deposition lasted approximately 44 minutes and Rudd answered every question posed to him by Plaintiff's counsel. Defendants' counsel never instructed Rudd not to answer a question. With regard to the line of questioning about Board of Regents policies found at pages 35 – 37 of the deposition (D.E. # 199-2, p 1 – 3), Rudd did not testify that he had no knowledge of the policies and Plaintiff does not specify where in the deposition that Rudd so stated. The deponent did not fail to answer a question or give an evasive or incomplete answer to any of the questions asked. Plaintiff's motion to compel is **DENIED** and Defendants' motion for protective order is **DENIED AS MOOT**. Rudd may not be noticed for any further depositions in this case.

The motions at docket entries 182 and 184 were set to be heard on October 3, 2016. The hearing will now be solely with regard to the Motion for Sanctions (D.E. # 197).

**IT IS SO ORDERED** this 27th day of September, 2016.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE