# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

GINA JONES,

    Plaintiff,

v.                                                        Case No. 2:15-cv-02148-JPM-cgc

UNIVERSITY OF MEMPHIS
TENNESSEE BOARD OF REGENTS

    Defendants.

## REPORT AND RECOMMENDATION

Before the Court, by way of Order of Reference (D.E. # 200) for hearing and report and recommendation, is Defendants' September 13, 2016 Motion for Sanctions. (D.E. # 197) On September 27, 2016, Plaintiff filed her Response in opposition[1] (D.E. # 218) On October 3, 2016, a hearing was held on the motion with Paul Forrest Craig and Daniel Lofton appearing on behalf of Plaintiff and Ashley Carter appearing on behalf of Defendants. Having considered the motions, response, respective memoranda, arguments of counsel and the record in the case, it is recommended that the motion be DENIED.

Defendants seek sanctions – either dismissal or disqualification of counsel - against Plaintiff pursuant to Fed. R. Civ. P. 41 or the inherent power of the court. Plaintiff raises five examples of conduct by Plaintiff's counsel as justification for sanctions:

    1. improper expert disclosures

---

[1] Plaintiff also filed her Motion to Strike the Motion for Sanctions (D.E. # 216). Plaintiff's Motion to Strike was referred to the undersigned on September 27, 2016. (D.E. # 219) It is ordered that this Motion is **DENIED AS MOOT.**

1

2. failure to cooperate in depositions and written discovery

3. direct contact by Plaintiff's counsel with individuals represented by Defendants' counsel

4. "misleading statements and misrepresentations" by Plaintiff's counsel

5. "frivolous" motion filings

The federal courts' inherent power to protect the orderly administration of justice and to maintain the authority and dignity of the court extends to a full range of litigation abuses. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980) (quoting *Cooke v. United States*, 267 U.S. 517, 539, 45 S.Ct. 390, 395–96, 69 L.Ed. 767 (1925)). A district court may award sanctions pursuant to its inherent powers when bad faith occurs. *Shimman v. International Union of Operating Engineers, Local 18*, 744 F.2d 1226, 1229–30 (6th Cir.1984), cert. denied, 469 U.S. 1215, 105 S.Ct. 1191, 84 L.Ed.2d 337 (1985). The power to punish for contempt also is an inherent power of the federal courts, including the power to punish violations of their own orders. *Green v. United States*, 356 U.S. 165, 170, 78 S.Ct. 632, 635, 2 L.Ed.2d 672 (1958). A court may use this inherent power to sanction a party who "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Strag v. Board of Trustees, Craven Community College*, 55 F.3d 943, 955 (4th Cir.1995).

Fed. R. Civ. P. 41(b) provides district courts with authority to dismiss a case where "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" This court evaluates four factors to determine whether a Rule 41(b) dismissal is appropriate: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was

warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir.1999).

Because motions to disqualify counsel affect substantive rights of parties, they are decided by applying standards developed under federal law. *McKinney v. McMeans*, 147 F.Supp.2d 898, 900 (W.D .Tenn.2001) (citing *Bell Atl. Corp. v. Bolger*, 2 F.3d 1304, 1316 (3d Cir.19930)); *Bartech Indus. v. Int'l Baking Co., Inc.*, 910 F.Supp. 388, 392 (E.D.Tenn.1996) (citing *Cole v. Ruidoso Municipal Schools*, 43 F.3d 1373, 1383 (10th Cir.1994); *Kitchen v. Aristech Chemical*, 769 F.Supp. 254, 257 (S.D.Ohio 1991)). The Sixth Circuit has held that a court "should only disqualify an attorney when there is 'a reasonable possibility that some specifically identifiable impropriety actually occurred.'" *Moses v. Sterling Commerce (America), Inc.*, 122 Fed. Appx. 177, 183 (6th Cir.2005). A district court's authority to disqualify attorneys for unethical behavior is derived from two sources: (1) the local rules of the court in which they appear; and, (2) federal law. *Bartech Indus.*, 910 F.Supp. at 392. This Court, by Local Rule 83.1(e), has adopted the Code of Professional Responsibility as currently promulgated by the Supreme Court of Tennessee. The movant has the burden of proving that opposing counsel should be disqualified. *Id.* With respect to this burden, the Sixth Circuit has held that "[c]ourts must be vigilant in reviewing motions to disqualify counsel as the ability to deny one's opponent the services of capable counsel is a potent weapon that can be misused as a technique of harassment." *Moses*, 122 Fed. Appx. at 183.

The Sixth Circuit Court of Appeals does not require an evidentiary hearing to be held upon every motion for disqualification but does require a "factual inquiry" that is conducted in a manner that will allow for appellate review. *General Mill Supply Co. v. SCA Servs., Inc.*, 697 F.2d 704,

3

710 (6th Cir.1982). To forgo a hearing, a court must review affidavits and documents that would be acceptable under Rule 56(e) and must "not undertake to decide disputed issues of fact." *Id*. The Court concludes that no evidentiary hearing is necessary to resolve the issues presented in the instant motion.

It is recommended that in this case, neither dismissal nor disqualification is warranted at this time. The issues that Defendants have raised about the conduct of Plaintiff and/or her attorneys have either already been addressed by previous orders or are capable of being addressed by motions that may or may not be filed by the parties. Counsel for Plaintiff confirmed that they will no longer contact employees of Defendants unless it is through Counsel for Defendants. Counsel for both Plaintiff and Defendants have been cautioned to follow <u>all</u> of the rules of court including the US District Court for the Western District of Tennessee Guidelines of Professional Courtesy and Conduct.

Therefore, the undersigned recommends that the Motion for Sanctions be denied.

Signed this 19th day of October, 2016.

                                                s/ Charmiane G. Claxton
                                                CHARMIANE G. CLAXTON
                                                UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**